## Lansdowne Borough v. Counties Real Estate & Mortgage Co. et al.

*Frank A. Moorshead*, for plaintiff.
*Edward H. P. Fronefield*, for defendants.

FRONEFIELD, P. J., January 8, 1942.—This is a rule for judgment for want of a sufficient affidavit of defense. This rule must be discharged.

An agreed statement of facts, reciting the chain of title to the properties involved and the procedural steps taken by plaintiff in its attempts to create and revive liens thereon for municipal improvements, has been filed and is too lengthy to incorporate in this opinion. It is sufficient to say that Marshall Road is

the dividing line between the Borough of Lansdowne and the Township of Upper Darby, the entire roadbed lying entirely within the Borough of Lansdowne. In other words, the northerly side of Marshall Road is the northerly boundary of Lansdowne and the southerly boundary of defendants' properties. In 1928, the Borough of Lansdowne, under the authority of The General Borough Act of May 4, 1927, P. L. 519, sec. 1740, 53 PS §13861, filed a lien against these properties for their proportionate share of improvements made by the borough to the said Marshall Road. This lien was indexed in the judgment index against the then registered owner of the premises but was not indexed in the locality index for Upper Darby. It was indexed in the locality index for Lansdowne, but such index did not indicate that the property was actually in Upper Darby. In 1933, a scire facias was issued to revive the lien and it was again entered in the Lansdowne locality index rather than in the Upper Darby locality index. It was again entered in the judgment index against the original defendant, who, as a matter of fact, was no longer the registered owner. Subsequently, by mesne conveyances, the properties were conveyed to the several defendants who were bona fide purchasers for value and without notice of the existence of the lien. It was not until a second scire facias to revive the lien was issued in 1938 that defendants received actual notice of the lien. The question involved is whether, under the foregoing facts, defendants had constructive notice thereof.

Counsel have not cited, and we have been unable to find, any case covering the situation involved in this matter. However, it is fundamental that recording acts have a dual purpose: first, to give constructive notice to everyone concerned of the facts contained in the recorded instrument; and second, to protect an innocent purchaser against secret liens and conveyances: See Crouse et al. v. Murphy et al., 140 Pa. 335.

The purpose of a locality index was to supplement the judgment index which was inadequate in reference to municipal claims, since the latter were proceedings in rem and it was not required that they be filed against the true owner: See Apollo Borough v. Clepper, 44 Pa. Superior Ct. 396, 399, and cases therein cited. Therefore, a locality index was established for the City of Philadelphia, and, later extended to the rural counties. The present Act of May 16, 1923, P. L. 207, sec. 26, 53 PS §2046, provides that "It shall be the duty of the prothonotaries of the courts of common pleas to keep a locality index, in which shall be entered all tax or municipal claims hereafter filed, and, upon any written order therefor, they shall give a certificate of search, showing all the claims filed against any property."

The locality where these properties were located was Upper Darby and no reference to this lien could be found by a search of the Upper Darby locality index. It is argued that everyone is presumed to know the law and that defendants therefore were presumed to know that, because their properties were located on a street lying entirely in another borough, the latter borough had authority to file a lien against said properties for improvements made to that street. However, this presumption could only impute knowledge that plaintiff filing the lien might be the Borough of Lansdowne. We feel that defendants were still entitled to rely on the requirement that any lien affecting property in Upper Darby, whether filed by the Borough of Lansdowne or any other plaintiff, should be found in the Upper Darby locality index. Therefore, we hold that defendants did not have constructive notice of plaintiff's claim and the latter's rule for judgment must be discharged.

It was stipulated that the decision in this case would control the decision in three companion cases (nos. 115,

116, and 119, March term, 1928, M. L. D.). Therefore, a memorandum opinion will be filed in those cases and a similar order made.